

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 7, 1965

Honorable C. W. Karisch
County Attorney
Waller County
Hempstead, Texas

Opinion No. C-451

Re: Whether a County may lawfully
pay fees of $25.00 per day for
each day in Court to counsel
appointed to defend persons in
felony cases where the defen-
dant pleads guilty and is tried
before the Court.

Dear Mr. Karisch:

You have requested an opinion of this office regarding the above
question. Article 494a, Section 1, Vernon's Code of Criminal Procedure,
as it appears in Acts 1951, 52nd Leg., ch. 19, p. 52 provided as follows:

"Whenever the Court shall appoint one
or more counsel to defend any person or
persons pursuant to law in any felony case
in this State, each counsel may, at the dis-
cretion of the trial judge, be paid a fee in
the sum of Ten Dollars ($10) per day for
each day such appointed attorney is actually
in trial court representing the person or
persons he has been appointed to represent.
Provided, further, that in all cases wherein a
bona fide appeal is actually prosecuted to a
final conclusion, each appointed counsel may
be paid Twenty-five Dollars ($25) for said
appeal. . . ."

Article 494a, Section 1, as it appears in Acts 1959, 56th Leg., 2nd C.S.,
ch. 31, p. 147, provides in part as follows:

"Whenever the court shall appoint one or
more counsel(s) to defend any person or per-
sons pursuant to law in any felony case in this
State, each counsel may, at the discretion of the
trial judge, be paid a fee in the sum of Twenty-
five Dollars ($25) per day for each day such

-2137

appointed attorney is actually in trial court representing the person he has been appointed to represent. Provided, further, that in all cases wherein a bona fide appeal is actually prosecuted to a final conclusion, each appointed counsel may be paid One Hundred Dollars ($100) for said appeal. <u>Provided, however, on pleas of guilty before the court, said appointed counsel may be paid Ten Dollars ($10) per case. . . .</u>"
(Emphasis added)

Moreover, the title of the 1959 version of Article 494a stated:

"An Act amending Article 494a, Vernon's Code of Criminal Procedure, increasing attorney fees for representation of indigents accused of felony offenses; providing that attorney fees may be paid; <u>providing for fees on pleas of guilty;</u> repealing all laws or parts of laws in conflict herewith; expressly repealing Section 1A of Chapter 19, page 25, Acts of the Fifty-second Legislature known as Section 1A of Article 494a, Vernon's Code of Criminal Procedure; and declaring an emergency." (Emphasis added)

It is elemental that there is no room for construction of a statute when the law is expressed in plain and unambiguous language and its meaning is clear and obvious. 53 Tex.Jur.2d 174 and cases there cited. It is also basic that the title of an act may be considered as a guide in circumstance showing legislative intent. 53 Tex.Jur.2d 248 and cases there cited. It should also be noted that a proviso is substantially an exception. 53 Tex.Jur.2d 210.

Based on the above where a felony is involved, a County may lawfully pay appointed counsel $10 per case on pleas of guilty before the Court.

## S U M M A R Y

A County may not lawfully pay fees of $25.00 per day for each day in court to counsel appointed to defend persons in felony cases where the defendant pleads guilty and for trial before the court.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By James P. Briscoe
James P. Briscoe
Assistant

JPB:sss

APPROVED:

OPINION COMMITTEE

George W. Gray III, Acting Chairman
Harold Kennedy
Malcolm Quick
Gordon Cass
Linword Shivers

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright